UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                                  Plaintiff,

              v.

IMAM AFIFY, et al.,

                                  Defendants.
_____

<u>DECISION AND ORDER</u>

17-CV-6010L

       Plaintiff Damilola Animashaun, appearing *pro se*, brings this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants Imam Afify and Jeff McCoy violated his constitutional rights in regard to plaintiff's request to change his religious designation in December 2016.

       Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

**DISCUSSION**

       In general, plaintiff's claims arise out of his allegations that he was prevented from practicing his chosen religion because he was not allowed to register as a Rastafarian. It appears that in or around December 2016, when plaintiff sought to register as a Rastafarian, he was told

that he would have to wait until his release from the Special Housing Unit ("SHU"), which was not scheduled to occur until August 2017. *See* Amended Complaint (Dkt. #12) and attached exhibits. Plaintiff alleges that this violated his rights under the First Amendment. He requests $91 million in damages.

Defendants contend that the complaint should be dismissed because plaintiff did not exhaust his administrative remedies prior to bringing this action, as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires inmate litigants to exhaust their administrative remedies before filing suit under § 1983. *See* 42 U.S.C. § 1997e(a).

To satisfy the PLRA's exhaustion requirement, a New York prisoner is generally required to follow a three-step grievance procedure set forth at 7 N.Y.C.R.R. § 701.5. In short, that procedure entails the submission of a grievance to the Inmate Grievance Program supervisor, for a determination by the Inmate Grievance Resolution Committee, followed by (in the event of a decision adverse to the inmate) appeals to the facility superintendent and then to the Central Office Review Committee ("CORC"). All three steps of this process must ordinarily be completed before an inmate may bring suit in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Morrison v. Hartman*, 898 F.Supp.2d 577, 581 (W.D.N.Y. 2012). Under the regulations, CORC is supposed to issue a decision on the inmate's appeal within 30 days after its receipt of the appeal. 7 NYCRR 701.5(d).

The record in this case shows that plaintiff filed the complaint in this action about two weeks after he filed his CORC appeal. *See* Dkt. #12 at 7 (appeal to CORC dated December 19, 2016), and Dkt. #1 (district court complaint filed January 5, 2017, and envelope postmarked January 3, 2017). At that point, CORC had not yet issued a decision on his appeal.

In response to defendants' motion, plaintiff alleges that he was told by "Deputy of Superintendent [sic] MR Lowe ... that I should go ahead to file the lawsuit" before a decision from CORC.  (Dkt. #26 at 3.)  Plaintiff has also submitted a sworn declaration dated January 27, 2017, in which he states, in part:

> I ... [am] still awaiting a response from C.O.R.C ... .  I spoke to Dep. Lowe ... and he said I may not get a reply from C.O.R.C although I've appealed the grievance response to C.O.R.C – that I should go and file a suit and he instructed me to mention that I spoke to him and he gave me the instructions to file a suit.

Dkt. #6 at 8.

There is authority that a prisoner's filing suit notwithstanding his failure to exhaust his administrative remedies may be excused if the administrative process was unavailable to the prisoner, or if he was somehow prevented from utilizing the process.  *See Smith v. Loiodice*, No. 17-cv-7028, 2020 WL 1033644, at *4 (S.D.N.Y. Mar. 2, 2020).  An administrative remedy is "functionally unavailable" when "it operates as a simple dead end," is "so opaque that it becomes, practically speaking, incapable of use," or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016)).

In the case at bar, plaintiff does not allege that the grievance procedure was unavailable, either literally or functionally; he in fact utilized the process.  All he alleges is that he was told by a DOCCS employee that he need not wait for CORC to issue a decision on his appeal before bringing a judicial action.

That bare allegation is not enough to excuse the exhaustion requirement.  Plaintiff alleges that Lowe told him that he "should ignore the prison regulation on administrative exhaustion

requirement and instead to go ahead to file the complaint." (Dkt. #29 at 1.) He does not allege that he was unaware of the exhaustion requirement, nor has he provided any details about when, where, or under what circumstances this alleged conversation took place.

It is not apparent from the record whether or when CORC did issue a decision on plaintiff's appeal. But what is clear is that a prisoner may not file suit even before the time in which CORC is supposed to issue a decision has expired.

For that matter, the general rule is that even CORC's failure to issue a decision within the thirty days prescribed by the regulations will not excuse the exhaustion requirement, at least absent a truly lengthy delay. *See*, *e.g.*, *Bowie v. Woodruff*, No. 18-CV-266, 2019 WL 7607078, at *5 (N.D.N.Y. Sept. 20, 2019) ("Bowie did not fully exhaust his administrative remedies prior to filing this lawsuit as CORC's decision was outstanding"); *Keitt v. NYS DOCCS*, No. 11-CV-855, 2017 WL 9471826, at *6 (W.D.N.Y. Jan. 4, 2017) (concluding that plaintiff's claims should be dismissed for failure to exhaust, where DOCCS issued decisions on his grievances after he filed suit).[1] *See also Feliz v. Johnson*, 2019 WL 3491232, at *2-*3 (N.D.N.Y. Aug. 1, 2019) ("plaintiff did not fully exhaust his administrative remedies prior to commencing this action because he filed his federal complaint before completing the DOCCS grievance process. Any delay by CORC in responding to plaintiff's last level of appeal is irrelevant to whether the

---

[1] While there is a split of authority among district courts in this circuit concerning whether a delay by CORC in issuing a decision can constitute unavailability of a remedy, so as to excuse a plaintiff from strict compliance with the exhaustion requirement, *Houston v. Coveny*, No. 14-CV-6609, 2020 WL 2494439, at *3 (W.D.N.Y. May 14, 2020), the Court need not reach that issue here, since there had been no delay by CORC at the time plaintiff brought this action. As stated, plaintiff filed the complaint only two weeks after he filed his administrative appeal, well before the expiration of the thirty-day period in which CORC was supposed to issue a decision.

grievance process was unavailable to plaintiff at the time he filed this suit.  This is not a situation where plaintiff filed his federal complaint while waiting months for CORC's response").

Indeed, courts have dismissed claims for failure to exhaust despite CORC's issuance of a decision, if that occurred after the plaintiff filed his federal complaint.  *See*, *e.g.*, *Bowie*, 2019 WL 7606078, at *5 ("The fact that Bowie subsequently exhausted his administrative remedies [in the sense that CORC issued a decision on his grievance] is irrelevant as he was required to properly exhaust before he sued"); *Keitt*, 2017 WL 9471826, at *6 (concluding that complaint should be dismissed where CORC issued decisions on plaintiff's grievances after plaintiff commenced suit); *Scott v. Uhler*, No. 16-CV-403, 2019 U.S. Dist. LEXIS 128783, at *12 (N.D.N.Y. July 31, 2019) ("Receiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any such action must be dismissed without prejudice").  Were the rule otherwise, prisoners would have little reason to wait for the administrative process to play itself out before filing suit, which would defeat the purpose of the exhaustion requirement "to reduce the quantity and improve the quality of prisoner suits [and to afford] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (alterations in original) (quoting *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004)).[2]

---

[2] Although some courts have allowed claims to go forward in the absence of a CORC decision, those cases typically involve very lengthy delays.  *See*, *e.g.*, *Smith*, 2020 WL 1033644, at *4 (excusing plaintiff's failure to wait for CORC's appeal determination before filing complaint, where plaintiff's CORC appeal had been pending for over two years); *Henderson v. Annucci*, No. 14-CV-445, 2016 WL 7356343, at *9 (W.D.N.Y. Mar. 14, 2016) (same).  As stated, in this case there was no delay at all; plaintiff filed his complaint even before the expiration of the time called for by the regulations for a decision from CORC.

I conclude, therefore, that plaintiff has failed to satisfy the PLRA's exhaustion requirement and that the complaint must be dismissed.

"Ordinarily, the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint." *Brown v. Napoli*, 687 F.Supp.2d 295, 298 (W.D.N.Y. 2009). *See also McCoy v. Goord*, 255 F.Supp.2d 233, 246 (S.D.N.Y. 2003) ("A dismissal for failure to exhaust is usually without prejudice, because failure to exhaust is ordinarily a temporary, curable, procedural flaw"). Accordingly, plaintiff's complaint will be dismissed without prejudice to his refiling with a proper showing of exhaustion.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. #24) is granted. The complaint is dismissed without prejudice to plaintiff filing a new complaint showing that he has exhausted his administrative remedies prior to filing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 2, 2020.