UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                                        Plaintiff,

                      v.

IMAN AFIFY, et al.,

                                        Defendants.
_____

DECISION AND ORDER

17-CV-6010L

## BACKGROUND

The *pro se* plaintiff in this case, Damilola Animashaun, filed the complaint in this action in January 2017.  Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserted claims under 42 U.S.C. § 1983, alleging that defendants Imam Afify and Jeff McCoy violated his constitutional rights in regard to plaintiff's request to change his religious designation in December 2016.

On July 2, 2020, this Court issued a Decision and Order granting defendants' motion to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The basis for the decision was that plaintiff had filed the complaint about two weeks after he filed his Central Office Review Committee ("CORC") appeal, which was still pending when he filed the complaint.  *See* 2020 WL 3580429 (W.D.N.Y. July 2, 2020).  In the conclusion of that decision, the Court stated, "The complaint is dismissed without prejudice to plaintiff filing a new complaint showing that he has exhausted his administrative remedies prior to filing."  *Id.* at *3.

On September 30, 2020, plaintiff filed an amended complaint.[1]  In that complaint, plaintiff states that he has exhausted his administrative remedies, and he has attached a copy of a decision from CORC, upholding the facility superintendent's decision on plaintiff's grievance. *See* Dkt. #34 at 19.[2]

On October 2, 2020, defendants filed a "memorandum of law opposing plaintiff's motion to amend and cross motion to dismiss with prejudice," (Dkt. #35), which was docketed as a motion to dismiss.  Plaintiff has filed a response, to which defendants have replied.

In support of their motion, defendants raise two arguments.  They contend that this Court's July 2 order dismissing the prior complaint did not grant plaintiff leave to file an amended complaint, but instead required the initiation of a new lawsuit.

Next, defendants contend that in the amended complaint, plaintiff misrepresented his litigation history, in two respects.  First, he stated that he had not begun any other lawsuits involving the same facts as this action.  In fact, about four months after filing the complaint in this action, plaintiff filed another suit in this Court, *Animashaun v. Afify*, 17-CV-6292, which the Court dismissed as "wholly duplicative" of the instant suit.  *Id.* Dkt. #7.

Second, in the section of the complaint in which plaintiff listed his prior lawsuits relating to his imprisonment, he identified only two.  In fact, plaintiff had by then filed *sixteen* lawsuits in addition to this one.  Those actions, which were variously filed in all four federal judicial districts

---

[1] This was actually plaintiff's second amended complaint.  The initial complaint was dismissed on initial review, and plaintiff was granted leave to file an amended complaint, which he did.  *See* Dkt. #11, #12.  For the sake of convenience, his present complaint will be referred to simply as the "amended complaint."

[2] The CORC decision does not state when it was issued, but lists a hearing date of October 10, 2018.

in New York, are listed in defendants' motion, and have been independently confirmed by the

Court by means of the courts' electronic case filing databases.

Defendants further contend that at least five of those cases count as "strikes" under 28

U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
> proceeding under this section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is under imminent
> danger of serious physical injury.

As defendants set forth in their brief, three of plaintiff's other cases were dismissed for failure to

state a claim, and two appeals were dismissed for lacking an arguable basis in fact or law. *See*

Dkt. #35 at 4 and cases cited therein.

In his response, plaintiff states that in filing an amended complaint, he "simply followed

the court's words used in the 7/2/20 order ... ." (Dkt. #37 at 2.)  In other words, plaintiff

interpreted the order as allowing him to file an amended complaint.

As to his failure to list all his other lawsuits, plaintiff concedes that "defendants are right

that [he] did previously file 16 lawsuits" in addition to this one.  Plaintiff states that he did not

mean to mislead the Court, but that he did not have all his paperwork with him when he filed the

amended complaint in this action.

## DISCUSSION

Defendants' motion to dismiss is granted.  First, it is indisputable that plaintiff failed to

identify his prior lawsuits.  Plaintiff's assertion that he did not list those suits because he did not

have the specific information before him concerning those lawsuits when he filed the complaint, and that he "did not know if they [would] be relevant," Dkt. #37 at 2, is not credible.  Certainly plaintiff knew that he had filed far more than two lawsuits involving his incarceration, and there is no provision that a plaintiff need only list those lawsuits that he deems "relevant" to the complaint being filed.

Plaintiff's statement that "[i]t it impossible to hide such information [concerning other lawsuits] from the court given that PACER [the court's electronic docketing system] reveals such information to the courts," *id.*, is likewise unpersuasive.  Applying that logic, prisoner plaintiffs could simply omit to mention *any* other lawsuits they had brought, on the theory that the court would be able to discover that information regardless.  That is not the law.  It is the plaintiff's obligation to list his prior lawsuits, not the court's obligation to do that work for him.

There is ample case law supporting the conclusion that the court may, in such circumstances, dismiss the complaint with prejudice.  For example, in *Jackson v. Goord*, No. 06-CV-6172, 2014 WL 458018 (W.D.N.Y. Feb. 4, 2014), the court dismissed a *pro se* prisoner's complaint with prejudice where the plaintiff listed three prior actions pertaining to his imprisonment, but it turned out that he had at least three other actions that had been dismissed as frivolous, malicious, or failing to state a claim.  In so doing, the court found that "revocation of Plaintiff's IFP status and dismissal of the action is warranted, as a sanction which the Court may impose pursuant to its inherent authority over this action, because he misrepresented his prior litigation history to the Court, hampering the Court's ability to evaluate his IFP application."  *Id.* at *3.

In addition, as in the case at bar, the plaintiff in *Jackson* offered as an excuse for not listing his other cases his inability to access the relevant paperwork when he filled out his complaint.  He stated that "he did not list those other cases because his papers relating to them were in storage, and he was 'unable to remember the exact title and cites of each of [those] cases and the manner in which they were disposed of.'"  *Id.* at *4.  The court was unpersuaded, stating that "Plaintiff does not explain why he signed the deficient complaint under penalty of perjury, rather than requesting to have the documents taken out of storage, or why he did not write to the particular courts, where those cases had been filed, and request the necessary information.  At the very least, he could have told the Court that he had prior lawsuits, but could not remember the details."  *Id.*

That reasoning fully applies here.  Nothing prevented plaintiff from informing the Court that he had filed many other lawsuits, several of which had been dismissed as meritless.  His assertion that he did not think they were relevant, or that he did not have the details of those actions before him is unconvincing.

As did the court in *Jackson*, I also conclude that dismissal with prejudice is appropriate.  Plaintiff is obviously no stranger to the judicial system, and must certainly have known that he was required to list all of his prior lawsuits, or at least as much information about them as he had available or could remember.  *See id.* (citing *Vann v. Commissioner of the New York City Dep't of Correction*, 496 Fed.Appx. 113, 2012 WL 4010492, at *2 (2d Cir. Sep.13, 2012) ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation").

While plaintiff's failure to list all but a few of his prior lawsuits forms the primary basis for the Court's decision, defendants are also correct that plaintiff failed to note that he had filed one lawsuit based on the same facts as this one, which was dismissed as duplicative of this action.  If that were plaintiff's only omission, the Court might be inclined to overlook it, but against the backdrop of the matters described above, it seems just one more instance of plaintiff leaving out certain inconvenient facts, and one more reason to dismiss this action with prejudice.

Although defendants are correct that a dismissal for failure to exhaust administrative remedies generally requires the filing of an entirely new action, *see*, *e.g.*, *Keitt v. NYS DOCCS*, No. 11-CV-855, 2017 WL 9471826, at *6 (W.D.N.Y. Jan. 4, 2017), the Court's conclusion that the action should be dismissed because of plaintiff's misrepresentation of his litigation history renders it unnecessary for the Court to reach that issue.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #35) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        December 5, 2020.